**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

In Re: The Estate of J. Herman Isner,

No. 17-0941 (Randolph County 13-C-10)

**FILED**

**February 22, 2019**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**MEMORANDUM DECISION**

Petitioner Cleveland Biller, as co-trustee of the J. Herman and Doris F. Isner Charitable Trust ("charitable trust"), pro se, appeals the September 25, 2017, order of the Circuit Court of Randolph County denying two motions for disqualification. The circuit court denied petitioner's motion to disqualify Jeffrey S. Zurbach ("Attorney Zurbach") as counsel for Respondents Betty Moomau, Jeff Kyle, and Terry N. Gould, co-trustees of the J. Herman Isner Trust (collectively "farm trust"). The circuit court also denied petitioner's motion to disqualify the attorney, R. Mike Mullens ("Attorney Mullens"), as special commissioner whose duty is to execute the parties' settlement agreement because petitioner refuses to do so. The farm trust, by counsel Jeffrey S. Zurbach, filed a response. Respondents Terry N. Gould, Pat A. Nichols, and T. Richard Harvey, co-trustees of the J. Herman Isner Financial Trust (collectively "financial trust"), by Harry A. Smith, III, filed a summary response. Respondents Jefferson Lee Triplett and Patrick A. Nichols, co-executors of the Estate of J. Herman Isner (collectively "estate"), by counsel Joshua S. Rogers, filed a response. Petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

J. Herman Isner ("the decedent") died on May 5, 2012, and left an estate worth approximately $5 million. During his lifetime, the decedent created a number of different trusts to pursue various "charitable endeavors" including the preservation of his approximately 250 acre farm as an example of West Virginia agriculture. However, the decedent funded only certain trusts, leaving others unfunded and "irrelevant." Consequently, the estate filed a declaratory judgment action to determine the rights, duties, and powers of the trustees and beneficiaries of the several trusts. Petitioner participated in reaching a settlement of the action during court-ordered mediation on July 2, 2013. The case was continued numerous times as the parties drafted an agreement to implement the settlement.

1

In May of 2015, petitioner fired his attorney. On June 17, 2015, the farm trust filed a motion to compel petitioner to execute the parties' settlement agreement. Following hearings on June 18, 2015, and August 5, 2015, the circuit court granted the farm trust's motion to compel petitioner to execute the agreement. Petitioner appealed to this Court, which affirmed the circuit court's August 25, 2015, order directing him to execute the agreement in *In Re Estate of Isner*, No. 15-0904, 2016 WL 5348353, at *4 (W.Va. Sept. 23, 2016) (memorandum decision), *cert. denied sub nom.*, *Biller v. Triplett*, 137 S.Ct. 1434, (2017).

After certiorari was denied by the United States Supreme Court, petitioner still refused to execute the settlement agreement. Ultimately, the circuit court appointed Attorney Mullens as special commissioner to execute the agreement by order entered July 10, 2017. On July 25, 2017, petitioner filed a motion to disqualify Attorney Mullens as special commissioner and, on July 27, 2017, filed a motion to disqualify Attorney Zurbach as counsel for the farm trust. Following a September 22, 2017, hearing, the circuit court found that petitioner's motions were based on a 2012 real estate transaction and a 2015 real estate transaction. Attorney Mullens acted as the settlement agent in the 2012 real estate transaction where the buyer was a corporation controlled by petitioner. With regard to the other real estate transaction, the circuit court noted that it occurred in February of 2015 when a member of Attorney Zurbach's law firm was the substitute trustee and petitioner was the purchaser at a foreclosure sale. The circuit court found that petitioner's interests and the interests of Attorney Zurbach's client did not become adverse "until the summer of 2015 when an issue arose over [petitioner] not being willing to follow through with the terms of the mediated settlement[.] [1] Accordingly, the circuit court denied petitioner's motions for disqualification, concluding as follows:

> [Petitioner]'s motions must be over-ruled because the real estate transactions . . . did not create an attorney-client relationship between [petitioner] and either [Attorney] Mullens or [Attorney Zurbach's colleague]; further, these transactions did not occur at a time when the non-moving parties and [petitioner] were directly adverse to one another in this civil action, nor is there any suggestion that either [Attorney] Mullens or [Attorney] Zurbach's law firm currently represents [petitioner].

Petitioner now appeals the circuit court's September 25, 2017, order denying his motions for disqualification. In syllabus point one of *State ex rel. Bluestone Coal Corporation v. Mazzone*, 226 W.Va. 148, 697 S.E.2d 740 (2010), we held that "[a] party aggrieved by a lower court's decision on a motion to disqualify an attorney may properly challenge the lower court's decision by way of a petition for a writ of prohibition." Here, petitioner, who is pro se, apparently relied on the circuit court's designation of its order as "a [f]inal [o]rder from which an appeal to the West

---

[1]In his motion to disqualify Attorney Zurbach, petitioner also referenced a 2010 real estate transaction involving a former member of Attorney Zurbach's law firm and another corporation controlled by petitioner. We find that the circuit court properly declined to consider the 2010 transaction as a possible basis for Attorney Zurbach's disqualification because "no evidence was submitted" regarding that transaction at the September 22, 2017, hearing.

2

Virginia Supreme Court of Appeals may be sought[.]" Also, the parties have fully briefed the issue and it is ripe for consideration. Therefore, we will consider the merits of petitioner's appeal.

"Before a circuit court disqualifies a lawyer in a case. . ., a record must be made so that the circuit court may determine whether disqualification is proper." *Bluestone Coal*, 226 W.Va. at 154 n.3, 697 S.E.2d at 746 n.3 (quoting Syl. Pt. 5, *Garlow v. Zakaib*, 186 W.Va. 457, 413 S.E.2d 112 (1991)). In syllabus point two of *Bluestone Coal*, we held:

> "A circuit court, upon motion of a party, by its inherent power to do what is reasonably necessary for the administration of justice, may disqualify a lawyer from a case because the lawyer's representation in the case presents a conflict of interest where the conflict is such as clearly to call in question the fair or efficient administration of justice. *Such motion should be viewed with extreme caution because of the interference with the lawyer-client relationship.*" Syllabus point 1, *Garlow*[,] 186 W.Va. [at 458], 413 S.E.2d [at 113].

226 W.Va. at 151, 697 S.E.2d at 743 (Emphasis added.).

On appeal, petitioner argues that the circuit court erred in denying his motion to disqualify Attorney Mullens as special commissioner and his motion to disqualify Attorney Zurbach as counsel for the farm trust. Respondents counter that the circuit court properly denied the motions. We agree with respondents. In *State ex rel. Ogden Newspapers, Inc. v. Wilkes*, 198 W.Va. 587, 591 n.10, 482 S.E.2d 204, 208 n.10 (1996), we stated:

> We have expressed with concern when a party uses the disqualification rule as a sword in a disqualification proceeding that is designed as a method of harassment and an abusive litigation tactic:
>
> > [D]isqualification, as a prophylactic device for protecting the attorney-client relationship, is a drastic measure which courts should hesitate to impose except when absolutely necessary. A disqualification of counsel, while protecting the attorney-client relationship, also serves to destroy a relationship by depriving a party of representation of their own choosing. . . . [Such] motions should be viewed with extreme caution for they can be misused as techniques of harassment.
> >
> > *Garlow*[,] 186 W.Va. [at] 461, 413 S.E.2d [at 116] (quoting *Freeman v. Chicago Musical Instrument Co.*, 689 F.2d 715, 721-22 (7th Cir.1982)). [Additional citation omitted].

Here, the farm trust argues that petitioner is using the motions for disqualification to improperly delay the implementation of this Court's mandate from *Isner*: that the circuit court's decision to compel enforcement of the settlement is affirmed. We agree. Our decision in *Isner* noted that Attorney Zurbach represented the farm trust at that time. 2016 WL 5348353, at *1.

Petitioner did not argue that Attorney Zurbach had a conflict of interest that necessitated his disqualification. Rather, petitioner did not file his motion to disqualify Attorney Zurbach as the farm trust's counsel until after he lost on the merits of his appeal in *Isner*. We find that petitioner could have sought Attorney Zurbach's disqualification in the summer of 2015—when the circuit court was considering the farm trust's motion to compel—given his argument that Attorney Zurbach's conflict of interest stemmed from a real estate transaction that occurred in February of 2015, but did not do so. Similarly, we find that petitioner's argument—that Attorney Mullens should be disqualified—has more to do with that attorney's appointment as special commissioner to execute the settlement agreement than it does with any alleged conflict of interest. We find that petitioner's refusal to execute the agreement is no longer legally defensible given the Supreme Court's denial of certiorari from our decision in *Isner*. The circuit court made a record regarding both motions for disqualification and found that neither Attorney Mullens nor Attorney Zurbach should be disqualified. Upon our review of the record, we conclude that the circuit court did not err in denying the motions to disqualify the attorneys.

For the foregoing reasons, we affirm the circuit court's September 25, 2017, order denying petitioner's motions for disqualification.

Affirmed.

**ISSUED**:   February 22, 2019

**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison